IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SAM DANIEL BELL | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv94 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Sam Daniel Bell, an inmate confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be dismissed as successive.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). Movant argues that the decision in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) is retroactive. After careful consideration, the court concludes movant's objections are without merit and should be overruled. As the magistrate judge noted, movant filed two previous motions to vacate, set aside or correct sentence. Therefore, this court is without jurisdiction to entertain the present motion to vacate without prior authorization from the Fifth Circuit Court of Appeals, which movant has not received. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3).

Additionally, in the Fifth Circuit, the ruling in *Descamps* is not retroactively applicable on collateral review. *See In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015). Thus, even assuming this

court has jurisdiction to entertain movant's present motion to vacate, the motion is barred by limitations. Accordingly, movant's claims should be dismissed.

Finally, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A

final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 5th day of April, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE